IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 20-368-03 |
| ANTHONY DAVID ALEXANDER SMITH | : | |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

The government, by and through its attorneys, William M. McSwain, United States Attorney, and Amanda R. Reinitz, Assistant United States Attorney, hereby submits this Motion for Pretrial Detention to assist the Court in the Pretrial Hearing scheduled for November 6, 2020.

This case calls for the pretrial detention of the defendant because he cannot overcome the statutory presumption that this Court detain the defendant following his dangerous and violent activity that has resulted in these serious federal arson charges. The defendant, with others, committed an arson of a Philadelphia Police vehicle on May 30, 2020. On that day, at approximately 5:30 p.m., Philadelphia Police Civil Affairs car C-109, an unmarked vehicle, was rocked by a large group of people until it was flipped upside down. The car was spray painted and used as a prop by several individuals – including the defendant – for personal pictures. Subsequently, a lit road flare was placed in the vehicle by an unidentified actor, and the defendants, including Smith, then placed combustible materials in the vehicle – literally adding fuel to the fire. Defendant Smith was captured on video and in photographs approaching the car several times to purposefully place combustible materials into this vehicle, even as others in the area of the car backed away for safety. As a result of these acts by Smith and his accomplices,

car C-109 was consumed by fire, and placed at risk the lives of the scores of people in the area of the vehicle.

A grand jury, composed of citizens from the Eastern District of Pennsylvania, charged defendant Smith and his two co-defendants in a three-count indictment with one count of arson of property belonging to an agency that receives federal funding, while creating a substantial risk of injury to others, and aiding and abetting, in violation of 18 U.S.C. §§ 844(f)(1), (2) and 2; one count of arson affecting interstate commerce, and aiding and abetting, in violation of 18 U.S.C. §§ 844(i) and 2; and one count of obstruction of law enforcement during a civil disorder, and aiding and abetting, in violation of 18 U.S.C. §§ 231(a)(3) and 2.

There is a presumption of detention in this case.[1] *See United States v. Blumenthal*, Findings of Facts and Conclusions of Law, ¶¶ 22-23 Cr. No. 20-233, Dkt. No. 41 (E.D. Pa. Aug. 25, 2020 (Jones, J.)) (finding that the presumption applies in cases charging 18 U.S.C. § 844(f)(2)). Because no condition or combination of conditions of release will

---

[1] Section 3142(e)(3) provides: "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed. . . (C) an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed . . . ." Here, Smith is charged in part with a violation of 18 U.S.C. § 844(f)(2), for using fire to destroy property of an organization receiving federal financial assistance, "and as a result of such conduct, directly or proximately caus[ing] personal injury or creat[ing] a substantial risk of injury to any person, including any public safety officer performing duties." The maximum penalty for this offense is 40 years' imprisonment.

Section 2332b(g)(5)(B) presents a list of offenses, including "844(f)(2) or (3) (relating to arson and bombing of Government property risking or causing death)." This parenthetical appears to present a scrivener's error, in that Section 844(f)(3) requires causation of death, while Section 844(f)(2) does not – as noted above, Section 844(f)(2) requires "a substantial risk of injury." Thus, the specific inclusion in this list of Section 844(f)(2), by incorporation in Section 3143(e)(3)(C), creates a presumption of detention for a violation of this statute. In any event, detention is plainly established here regardless of the presumption.

reasonably assure the defendant's appearance or the safety of the community, the government moves pursuant to 18 U.S.C. §§ 3142(e) and 3142(f)(1) for a detention hearing and pretrial detention of the defendant. As discussed below, the defendant cannot overcome the presumption of detention. He presents a serious danger to the community, as well as a risk of flight.

**I.       THE FACTS**

In support of this motion, the government makes the following representations and proposed findings of fact:

     **A.       Probable Cause and The Evidence In This Case**

          1.       There is probable cause to believe that the defendant has violated Title 18, United States Code, Sections 844(f)(1), (2) and 2 (arson of property belonging to an agency receiving federal funding, creating a substantial risk of injury to another person, and aiding and abetting); Title 18, United States Code, Sections 844(i) and 2 (arson affecting interstate commerce, and aiding and abetting); and Title 18, United States Code, Sections 231(a)(3) and 2 (obstruction of law enforcement during a civil disorder, and aiding and abetting), as charged in the Indictment filed in this Court on October 20, 2020.

          2.       The evidence in this case is strong.

               a.       On May 30, 2020, many individuals in Philadelphia were peacefully protesting the recent death of George Floyd in Minneapolis. On that day, some individuals, including defendant Anthony David Alexander Smith, took advantage of those protests to engage in violent, destructive, and dangerous criminal acts.

               b.       At approximately 5:30 PM that day, a large group of people flipped Philadelphia Police Department Civil Affairs car C-109 which was parked near City Hall. After the car was flipped, and prior to it being set on fire, several people – including the

defendant – used the car as a prop in celebratory photographs. Smith even posted one such photograph to his social media:



Despite the defendant bragging that he was "zoomed in to avoid context, lol," the white coloring of the Civil Affairs car can be seen, including some of the distinctive red spray paint that was added to the vehicle on May 30, 2020.

        c.      Other photographs taken after the car was flipped also captured the defendant standing victoriously on top of the flipped car:



    d.  In these and other pictures and video taken on May 30, the defendant is easily identified, as he is wearing distinctive clothing, including a shirt that proclaims, "WHEN I WAS 11, I TURNED 13 CUZ ION F*CK WITH 12."[2]

    e.  After these pictures were taken, a lighted road flare was placed on the ceiling of the vehicle, and the defendants began adding fuel to this fire, to ensure the car was consumed.

---

[2] "Fuck 12" is a phrase which means "fuck the police." *See* Urban Dictionary, www.urbandictionary.com/define.php?term=Fuck%2012 (last visited October 30, 2020).

     f. Photographs and video captured the defendant's purposeful actions on May 30, 2020. For example, in the following photograph, the defendant is seen retreating from the car after placing combustible materials into it. Also in the photograph are crowds of other people near the car as the fire spreads:



     g. The defendant was also captured on video approaching the car and adding paper to the fire in order to help it spread. The following are screen shots from this video. The first shows the defendant approaching the car, with the paper in his right hand:



In the next screen shot, he can be seen backing away after placing it into the car:



7

    h.  Additionally, an ATF Special Agent and Certified Fire Investigator will testify, based on video and photographs he reviewed, that flammable materials placed in the vehicle by the defendant were completely consumed in the fire, and thus helped to propagate the fire.

    i.  On June 5, 2020, less than a week after committing this arson, the defendant posted the following cartoon to social media, which displays a police car on fire with the caption "quit your day job":



    j.  On October 28, 2020, pursuant to a federal search warrant, the defendant's home was searched. Found at his home was the distinctive t-shirt with the slogan "WHEN I WAS 11, I TURNED 13 CUZ ION F*CK WITH 12," as well as the sweatpants and shoes seen being worn by the defendant in the photographs above.

8

  B. **<u>Maximum Penalties</u>**

    The statutory maximum penalty for violation of 18 U.S.C. § 844(f)(1) (arson of property belonging to an agency receiving federal funding as charged in Count One) is a mandatory minimum of five years' imprisonment, up to a maximum of 20 years' imprisonment, three years of supervised release, a $250,000 fine, and a $100 special assessment. If convicted of 18 U.S.C. § 844(f)(2), based on the defendant having created a substantial risk of injury to other persons, the mandatory minimum increases to seven years of imprisonment, and a maximum of 40 years' imprisonment. The sentencing judge may choose to order the mandatory minimum sentences to run concurrently or consecutively.

    The maximum sentence for a violation of Title 18 U.S.C. § 844(i) (arson affecting interstate commerce as charged in Count Two) is 20 years' imprisonment with a mandatory minimum of 5 years' imprisonment; 3 years' supervised release; a $250,000 fine; and a $100 special assessment.

    The maximum sentence for a violation of Title 18 U.S.C. § 231(a)(3) (obstruction of law enforcement during a civil disorder as charged in Count Three) is 5 years' imprisonment; 2 years' supervised release; a $250,000 fine; and a $100 special assessment.

    The defendant thus faces a total statutory maximum sentence of 65 years in prison, and a mandatory minimum sentence of seven years in prison. The substantial penalties faced by the defendant provide a powerful incentive for him to flee.

  C. **<u>Criminal Record</u>**

    The defendant has no known criminal history prior to this offense. Despite this, he was not deterred from engaging in this violent, dangerous arson in which he put many other persons at risk of death or serious injury.

9

D.  **Ties to the Community**

The defendant has substantial ties to the community.  He was born and raised in this area, and his parents and siblings live in the area.  He is also employed as a teacher at Youth Build Charter School in Philadelphia.  These ties, however, were insufficient to prevent his violent actions on May 30, 2020.  As shown above, the defendant has even bragged about his actions on his social media.  He continues to use his social media to convey his violent mindset.  As recently as October 3, 2020, he advocated in a public social media post that individuals "get armed" against "police, proud boy, or politician! It don't matter!" so that these "outsiders" could be "dealt with."  This post – which explicitly calls for violence against the police – occurred over four months after the arson.  The defendant is not in any way remorseful about what he has done.  To the contrary, he is proud of it.  And he is demanding that others engage in violence against police as well:



Despite his ties to the community, the significant prison sentence the defendant faces provides a substantial incentive to flee. Additionally, the defendant has traveled internationally previously, and reports not knowing where his passport is.[3] The passport was not recovered during the search that occurred of the defendant's home on October 28, 2020.

---

[3] An inquiry was made to the U.S. State Department regarding the status of Smith's passport. State Department computer records reflect a notation that Smith's passport book was destroyed by the State Department. The computer system does not reflect the reason for destruction. However, there does not appear to be an active passport book issued for the defendant.

11

Accordingly, the defendant's ties to the community are insufficient to ensure either his appearance or the safety of the community.

### CONCLUSION

It is clear that no condition or combination of conditions of release will reasonably assure the defendant's appearance or the safety of the community. The defendant has demonstrated through his conduct in this case and his loud and clear communications on social media that he poses a serious danger to the community and risk of flight. He was caught on camera brazenly engaging in serious criminal activity and his social media posts show him continuing to express with great pride his commitment to lawlessness and violence against the police. There is nothing in the record that would overcome the presumption that a defendant charged with these offenses should be detained. To the contrary, the evidence in this matter shows that he is dangerous, presents a risk of flight, and should be detained.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney


 s/ *Amanda R. Reinitz*
AMANDA R. REINITZ
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 20-368-03 |
| ANTHONY DAVID ALEXANDER SMITH | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this ___ day of November 2020, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that this case is appropriate for detention because the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the defendant's appearance or the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e). Moreover, due to the nature of the charges, this is a case with a statutory presumption of detention.

The Court makes the following findings of fact:

1.  There is probable cause to believe that the defendant has violated Title 18, United States Code, Sections 844(f)(1), (2) and 2 (arson of property belonging to an agency receiving federal funding, creating a substantial risk of injury to another person, and aiding and abetting); Title 18, United States Code, Sections 844(i) and 2 (arson affecting interstate commerce, and aiding and abetting); and Title 18, United States Code, Sections 231(a)(3) and 2 (obstruction of law enforcement during a civil disorder, and aiding and abetting), as charged in the Indictment filed in this Court on October 20, 2020.

2. The evidence in this case is strong.

a. On May 30, 2020, many individuals in Philadelphia were peacefully protesting the recent death of George Floyd in Minneapolis. On that day, some individuals, including defendant Anthony David Alexander Smith, took advantage of those protests to engage in violent, destructive, and dangerous criminal acts.

b. At approximately 5:30 PM that day, a large group of people flipped Philadelphia Police Department Civil Affairs car C-109 which was parked near City Hall. After the car was flipped, and prior to it being set on fire, several people – including the defendant – used the car as a prop in celebratory photographs. The defendant posted one such picture to his own social media.

c. In pictures and photographs from the day, the defendant is seen wearing distinctive clothing, including a shirt that reads ""WHEN I WAS 11, I TURNED 13 CUZ ION F*CK WITH 12." This is a reference to a derogatory term for the police.

d. The defendant is seen on video and in photographs adding combustible materials to the fire that was started in car C-109. He is seen adding materials as the fire burns, and as others are near the dangerous flames.

e. An ATF Special Agent and Certified Fire Investigator will testify, based on video and photographs he reviewed, that flammable materials placed in the vehicle by the defendant were completely consumed in the fire, and thus helped to propagate the fire.

f. Less than a week after the arson, the defendant posted a cartoon to his social media that displayed a police car on fire with the caption "quit your day job."

    g. During a search warrant executed at the defendant's house, the t-shirt shown in photographs from May 30, 2020 was recovered, as well as the sweatpants and shoes worn by the defendant on May 30, 2020.

  3. The maximum sentence the defendant faces for the charged offenses is 65 years' imprisonment; a mandatory minimum 7 years' imprisonment; a three-year period of supervised release; a $750,000 fine; and a $300 special assessment.

  4. The defendant has no criminal history.

  5. The defendant has previous international travel, and his passport has not been located.

  6. The defendant has the mindset to commit more violent crimes. As recently as October 3, 2020, he used his social media to advocate that individuals arm themselves against "police, proud boy, or politician! It don't matter!" so that these "outsiders" can be "dealt with."

  7. The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, and the nature of the offense, establishes the defendant's danger to the community and risk of nonappearance.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

---

HONORABLE HENRY S. PERKIN
*United States Magistrate Judge*

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified below by email and/or through the Electronic Case Filing (ECF) system:

Paul Hetznecker, Esquire
phetznecker@aol.com

/s Amanda R. Reinitz
AMANDA R. REINITZ
Assistant United States Attorney

DATED: November 5, 2020