# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES** | : |
| | : |
| v. | :   NO. 20--368 |
| **ANTHONY DAVID ALEXANDER SMITH** | : |

## DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

**TO THE HONORABLE HENRY S. PERKIN, MAGISTRATE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:**

Anthony David Alexander Smith, by and through his attorney Paul J. Hetznecker, Esquire, files Defendant's Response to the Government's Motion for Pretrial Detention and submits the following in support thereof:

### I.   PROCEDURAL HISTORY

On October 27, 2020 Anthony David Alexander Smith was arrested based on an Indictment issued by a grand jury sitting in the Eastern District of Pennsylvania charging him with on 18 U.S.C. § 844(0(1) and (2) (arson of property belonging to an agency receiving federal funding - 1 count); 18 U.S.C. § 844(i) (arson affecting interstate commerce - 1 count); 18 U.S.C. § 231(a)(3) (obstruction of law enforcement during a civil disorder - 1 count) 18 U.S.C. $ 2 (aiding and abetting). The Indictment alleges that on or about May 30, 2020 in Philadelphia, PA Mr. Smith maliciously damaged and destroyed, attempted to damage and destroy and aided and abetted the destruction, by means of fire, of Philadelphia Police Department Car C-109, a vehicle owned by the Philadelphia Police Department. The government has moved for pretrial detention pursuant 18 U.S.C. §3142(e) and 3142(f)(1)(A) and (f)(2).

### II.     LEGAL ARGUMENT

Under the Bail Reform Act of 1984, 18 U.S.C. §3141, generally a defendant must be released on bail in the least restrictive condition or combination of conditions that will assure the appearance of the defendant and the safety of the community. In this case the government asserts that there are no conditions that can reasonably assure Anthony Smith's appearance and the safety of the community. 18 U.S.C. §3142(c)(1)(B).

At the time the Bail Reform Act was enacted Congress recognized "the traditional presumption favoring pretrial release for the majority of federal defendants." United States v. Berrios-Berrios, 791 F.2d 246 (2nd Cir. 1986) The purpose of detention is a preventive measure by the courts rather than being punitive in nature. United States v. Salerno, 481 U.S. 739 (1987) In enacting the Bail Reform Act of 1984 Congress substantially altered the prior practice in which the assurance of defendant's presence at trial was the only factor to be considered in determining whether to hold an accused pretrial. "However, while enlarging the circumstances and basis for pretrial detention, Congress also made clear that such detention was only for a limited group of offenders to whom pretrial detention was applicable i.e., the small but identifiable group of particularly dangerous offenders as to whom neither the imposition of stringent release conditions nor the prospect of release can reasonably assure the safety of the community of the persons." United States v. Traitz, 807 F.2d 322, 325 (3rd Cir. 1986) If the government moves for detention on the basis of danger to the community, it must prove this by clear and convincing evidence. If the government or court believes detention is appropriate because there is a risk of flight, this must be proved by a preponderance of the evidence. United States v. Abdullahu, 488 F. Supp. 2nd 433 (D. NJ. 2007)

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person in the community, the Court must consider the following factors:

> (1) The nature and circumstances of the offense charged including whether the offense is a crime of violence, a violation of Section 1591, a federal crime of terrorism, or involves a minor victim or controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceeding; (B) whether, at the time of the current offense or arrest, the person was on probation, on parole or other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and (4) the nature and seriousness of danger to any person or the community that would be imposed by the person's release.

18 U.S.C. §1842(g).

### 1.     **The Nature and Circumstances of the Offense Charged**

Mr. Smith is charged with 18 U.S.C. § 844(0(1) and (2) (arson of property belonging to an agency receiving federal funding - 1 count);  18 U.S.C. §  844(i) (arson affecting interstate commerce - 1 count); 18 U.S.C. §  231(a)(3) (obstruction of law enforcement during a civil disorder), and 18 U.S.C. $ 2 (aiding and abetting)

In this case, the government has asserted that Mr. Smith aided and abetted the burning of a Philadelphia Police vehicle by invoking statutes that until this past summer, have been rarely used in the context of an act involving non-federal property. The government has decided to charge Mr. Smith, along with two others, based on an expansive and unprecedented notion of federal jurisdiction. The first basis is predicated on the Philadelphia Police Department's receipt of federal funds. The second is based on the effect of this property on interstate commerce. In

addition, the government has charged Mr. Smith with obstruction during the course of "civil disorder." This obscure, rarely invoked statute resurrected from the late 1960's, is based on a broad and ill-defined definition of "civil disorder." This statute will be the subject to a vigorous challenge in the District Court.

Charging Mr. Smith, not as the person directly responsible for starting the fire that consumed a Philadelphia Police vehicle, but rather as someone who "aided and abetted" by placing a piece of paper into a police vehicle already consumed by fire is extraordinary. It is astounding that the government can assert that Anthony Smith is a danger to the community based on the allegation that he threw a piece of paper into a police car that was already engulfed in flames.

### 2. **Weight of the Evidence**

The government has charged Mr. Smith, not as the person directly responsible for starting the fire that consumed a Philadelphia Police vehicle, but rather as someone who "aided and abetted" by placing paper into a police vehicle already consumed by fire. In the government's Motion for Pretrial Detention the government's evidence is so weak that is hard to imagine any expert that could testify with a straight face that a piece of paper allegedly thrown into a flaming vehicle contributed to the fire. The evidence revealed by the government in its Detention Motion raises great concerns about the real motivation behind this prosecution. Frankly, it is shocking that the government decided to charge Mr. Smith at all. It is clear that based on the government's evidence, asserted in their Motion for Pretrial Detention, that throwing a piece of paper into a police vehicle already consumed by flames is a danger to the community. Such weak and ill-conceived evidence cannot support the government's request for detention.

Your Honor is well aware pursuant to 18 U.S.C. §3142(j), Mr. Smith is protected by the presumption of innocence and "nothing in this section shall be construed as modifying or limiting the presumption of innocence." The lack of evidence against Mr. Smith in the context of the presumption of innocence provides significant support for Mr. Smith's release.

### 3. History and Characteristics of the Person

As reflected in the more than seventy (70) letters of support submitted on behalf of Anthony Smith, there are no grounds to support the government's request for pretrial detention based on a claim that Mr. Smith is a "danger to the community" or risk of flight." Despite the government's attempt to "demonize" Mr. Smith based on his social media posts, expressions protected under the First Amendment, Mr. Smith is neither a danger to the community nor a risk of flight. As the letters of support establish, Mr. Smith is a dedicated teacher, advocate for the poor, and valued friend.

The government attempts to use the nature of the charges, a property crime, aiding and abetting the arson of a police vehicle as the sole basis to allege that Mr. Smith is a danger to the community. Mr. Smith's deep commitment to the Philadelphia community completely undermines the government's position. Author Susan Abulhawa, who has known Anthony Smith for five years, characterizes him as selfless and a "peacemaker." Ruth Birchet, Founder of the Heritage Development Corporation affirms Mr. Smith's "outstanding character" and his "humanitarian spirit" as he has fed countless needy families through his volunteer work. Janielle Bryson, a Medical School Professor, describes Mr. Smith's selfless commitment to the community. Shamin Celin, a friend of twelve (12) years, describes Mr. Smith as someone who has "never harmed anything or anyone." Ebony Motley, Anthony's sister relates that Anthony was her protector but that he was never violent and had never been in a fight. Arika Gold-Bustos

describes Mr. Smith as gentle and beloved. Richard Collins, a friend for ten (10) years offers insight into Mr. Smith's character when he refers to him as a level headed person.

Additionally, Mr. Smith has deep roots in the community, roots that are reflected in his connection to his family, employment, and volunteer organizations. Mr. Smith is a graduate of Arcadia University and he has strong support from a network of classmates. Allison Sims, a classmate and a friend for a decade relates that Anthony Smith is a positive and dedicated leader. Moriah Dietham, Shannon Rose Moriarity, Brian Eckland, Alyse B. King, Sarah Bixby, Daymeia Wimberly, M.Ed., and faculty members Shekhar Deshpande, Ph.D., Michael D. Dwyer, Ph.D., Lisa Holderman, Ph.D, among others, all attest to his character and integrity. Anthony Smith with his positive and supportive spirit, has left a life long impression on them all.

For the past five years Anthony Smith has been working with YouthBuild, a Philadelphia Charter School that provides educational support for 18-20 year old students. The YouthBuild mission was developed to address the significant educational needs of those students with deficient educational backgrounds. Graduates of the Youth Build program receive a high school diploma and go on to college. Most of the students are from impoverished homes and one in four has experienced homelessness. More than 2,700 young adults have earned diplomas since 1992. More than 75% of Youth Build graduates enroll in higher education programs, start new jobs or commit to a year of service. YouthBuild students have helped to rehabilitate 86 houses for low income families, provided more than 8,000 hours of care to residents of nursing homes and provided over one million hours of community service throughout the City of Philadelphia.

Your Honor has been provided numerous letters of support submitted on behalf of Anthony Smith by students and faculty from YouthBuild. A review of these letters establishes that Anthony Smith is a valued member to the YouthBuild community.  Jody Cohen, Ph.D., from

Youth Build writes that Anthony Smith is an "invaluable asset to our community." Richard Chalme asserts that Mr. Smith, respected by students and teachers, "made me a better person." Andrew Dalke recounts that Anthony Smith, recognized as the Youth Build National AmeriCorps Member of the Year, would take money out of his pocket so that students would have food for lunch.

Sarah Burgess, Director of Curriculum and Instruction for YouthBuild Philadelphia Charter School and Mr. Smith's immediate supervisor, writes that "at his core, it is clear to me that Ant cares deeply about people and about community." She further writes that "Ant is an invaluable member of our community."

Finally, there are letters from those touched by Anthony Smith's volunteer work. Diane Funk, Ashlee Hipps, Cynthia Miller, Jeveva Mulhil and Christopher Rogers all provide insight to the tireless commitment Anthony Smith has demonstrated to his volunteer work on behalf of those in need. By all accounts Anthony Smith is a remarkable young man. With deep committed roots in the community and his peaceful positive nature, the government has failed to establish that Anthony Smith is danger to the community or risk of flight.

### III.   Recommendation from Pretrial Services

Based on the review of the factors set forth above, the evidence demonstrates that there are conditions, or combinations of conditions, that will assure the safety of the community and Mr. .Smith's appearance in court if he is released from custody. Pretrial Services has recommended that Mr. Smith be released on $50,000 OR bail with several conditions.  We assure this Court that Mr. Smith will abide by any conditions of release imposed by Your Honor.

### IV.     **CONCLUSION**

WHEREFORE, for the reasons set forth above we respectfully request that Your Honor order the release of Mr. Smith with the conditions recommended by Pretrial Services.

>Respectfully submitted,
>/s/ Paul J. Hetznecker, Esquire
>Paul J. Hetznecker, Esquire
>Attorney for Defendant, Anthony David Alexander Smith

DATE :     **November 6, 2020**

- 9 -

## CERTIFICATE OF SERVICE

I, Paul J. Hetznecker, hereby certify that a true and correct copy of **Defendant's Motion** was served on the following via electronic filing:

>Amanda R. Reinitz, Esquire
>Assistant United States Attorney
>615 Chestnut Street
>Suite 1250
>Philadelphia, PA 19276-4476

>/s/ Paul J. Hetznecker, Esquire
>Paul J. Hetznecker, Esquire
>Attorney for Defendant, Anthony David Alexander Smith

DATE: November 6, 2020