## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ANTHONY SMITH** | : | **20-368** |

## ORDER

  **AND NOW,**         this       day of           , 2021, it is hereby

ORDERED that the defendant, Anthony Smith's Consolidated Motion to Suppress

is **GRANTED.**

  **BY THE COURT:**

  _____

  **HONORABLE JUAN R. SANCHEZ**

- 1 -

**PAUL J. HETZNECKER, ESQUIRE**
**Attorney I.D. No. 49990**
**1420 Walnut Street, Suite 911**
**Philadelphia, PA  19102**          **Attorney for Defendant, Anthony Smith**
**(215) 893-9640**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL ACTION** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **ANTHONY SMITH** | **:** | **20-368** |

## DEFENDANT'S CONSOLIDATED MOTION TO SUPPRESS

## TO THE HONORABLE JUAN R. SANCHEZ, JUDGE, UNITED
## STATES DISTRICT COURT, EASTERN DISTRICT OF PENNSYLVANIA

Defendant, Anthony Smith, by and through his attorney Paul J. Hetznecker,

Esquire, files this Consolidated Motion to Suppress in the above matter and

submits the following in support thereof:

1.     On October 27, 2020  Anthony David Alexander Smith was arrested

based on an Indictment issued by a grand jury sitting in the Eastern District of

Pennsylvania charging him with on 18 U.S.C. § 844(0(1) and (2) (arson of

property belonging to an agency receiving federal funding - 1 count);  18 U.S.C. §

844(i) (arson affecting interstate commerce - 1 count); 18 U.S.C. §  231(a)(3)

(obstruction of law enforcement during a civil disorder - 1 count) .S.C. $ 2 (aiding

2

and abetting).

2.      The Indictment alleges that on or about May 30, 2020 in Philadelphia, PA Mr. Smith maliciously damaged and destroyed, attempted to damage and destroy and aided and abetted the destruction, by means of fire, of Philadelphia Police Department Car C-109, a vehicle owned by the Philadelphia Police Department Defendant, Anthony Smith, moves to suppress any and all evidence seized pursuant to the five (5) separate search and seizure warrants. (See Exhibits A-H) The Defendant Smith asserts that the warrants issued in this case did not provide a substantial basis for the magistrate's decision that probable cause existed within the four corners of the affidavit. Additionally, Anthony Smith asserts that good faith does not apply as the warrants in this case are so lacking indicia of probable cause as to render official belief of its existence entirely unreasonable. Consequently, there is no good faith basis to assert that probable cause existed for the crimes charged.

3.      Finally, Defendant Anthony Smith asserts that a hearing pursuant to Franks v. Delaware is necessary as material omissions were left out of the Affidavits and material misstatements were submitted in each of the Affidavits of Probable Cause.

4.      The first warrant prepared by FBI Agent Bridget Jenkins was issued on September 15, 2020 for the content of Anthony Smith's Instagram account

pursuant to the Electronic Communication Privacy Act, 18 U.S.C. Section 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A). (See Warrant and Affidavit of Probable Cause, attached at Exhibit A and Exhibit B).

5.     On October 26, 2020 three separate warrants were issued supported by a consolidated Affidavit of Probable Cause prepared by FBI Agent Laura Laielli pursuant to Federal Rule of Criminal Procedure, Rule 41. (See Exhibits C,D,E,F)

6.     These three search and seizure warrants were issued for Anthony Smith's residence, 5640 Cedar Avenue, Philadelphia, PA, his person, as well as the computers, cellphones and other electronic devices.

7.     The fifth and final warrant was issued on the date of the search, October 26, 2020. During the course of the search of Anthony Smith's residence the FBI observed written materials expressing ideas protected under the First Amendment.

8.     The government prepared a search and seizure warrant after reviewing the content of the material. The written political materials seized were based on the content of the ideas expressed in those materials. (See Exhibits G and Exhibit H) This seizure was in violation of the "plain view" doctrine and therefore, the evidence must be suppressed. In addition there was no substantial basis for the magistrate's finding of probable cause.

9. Defendant, Anthony Smith asserts through this Consolidated Motion to Suppress that the issuing Magistrates, Honorable Sandra Moore Wells for the first warrant, and Magistrate Richard Lloret for the four subsequent warrants, did not have a substantial basis to believe that probable cause existed in support of these warrants. Specifically, the evidence presented within the four corners of the Consolidated Affidavit of Probable Cause (Exhibit F) for the three warrants (Exhibits C, D, E) does not contain a sufficient factual basis to support the contention that the Defendant Anthony Smith committed the offenses alleged in the affidavit, offenses that occurred on May 30, 2020 during the George Floyd/ Black Lives Matter protests in Philadelphia Pennsylvania. A careful review of the facts set forth in the three separate Affidavits of Probable Cause fail to establish probable cause.

10. In addition, Anthony Smith asserts that the factual misstatements support the grounds for an evidentiary hearing under <u>Franks v. Delaware</u>.

## I. <u>THE AFFIDAVITS DO NOT SUPPORT PROBABLE CAUSE</u>

11. The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized." U.S. Const. Amend. IV. The

Fourth Amendment requires that under the totality of circumstances the judicial officer who issued the warrant to possess a substantial basis to conclude that there was a fair probability that contraband or evidence of a crime would be found at the subject premises.

12.     Probable cause exists when, considering the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

13.     The Magistrate's decision to issue a warrant must be based on sufficient information contained within the four corners of that warrant to establish probable cause.

14.     A court reviewing the Magistrate's decision must determine whether the magistrate had a substantial basis for concluding a probable cause existed at the time of the review.

15.     The Court may consider only the facts that were before the magistrate, that is the affidavit of probable cause, and may not consider information from other portions of the record.

16.     Although great deference is given to the Magistrate's decision this does not mean that a reviewing court should simply rubberstamp a magistrate's conclusions.

17.     There are four situations where an officer's reliance on a warrant would be objectively unreasonable: (1) where the magistrate issues a warrant in reliance on an affidavit is deliberately or recklessly false; (2) where the magistrate abandons his judicial role and fails to execute the warrant in a neutral and attached manner; (3) where the warrant is so lacking indicia of probable cause as to render official belief of its existence entirely unreasonable; or (4) where the warrant is so facially deficient it does not particularize with any specificity the place to be searched or things to be seized.

18.     A good faith exception exists where the suppression of evidence would be inappropriate because an officer acts in objectively reasonable reliance on the warrant's authority.

## A.     THE AFFIDAVIT FOR THE INSTAGRAM ACCOUNT IS NOT SUPPORTED BY PROBABLE CAUSE

19.     On September 15, 2020 a warrant was issued by Magistrate Judge Carol Sandra Moore Wells for an Instagram account (Ant Smith, username: onevillageant, UID 3922142044) maintained and operated by Facebook, Inc., a company with headquarters in Menlo Park, California.  The government submitted the application for the search warrant under 18 U.S.C. §2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Facebook to disclose the government records and other information pertaining to subscriber or customer information associated with Defendant Anthony Smith, as well as several other individuals who were the

subject of the government's investigation involving the following charges: 18

U.S.C. § 844(0(1) and (2) (arson of property belonging to an agency receiving

federal funding - 1 count);  18 U.S.C. §  844(i) (arson affecting interstate

commerce - 1 count); 18 U.S.C. §  231(a)(3) (obstruction of law enforcement

during a civil disorder - 1 count)18 U.S.C. $ 2 (aiding and abetting).

20.     Under the probable cause section of the Affidavit FBI Agent Bridget

E. Jenkins asserted that "among other things a group of individuals began to riot,

smashing storefront windows, looting stores, and attacking multiple marked

Philadelphia Police Department vehicles.  These vehicles included one PPD sedan

(C-109) near the Municipal Services Building which was set on fire.  The vehicle

was destroyed as a result of being set on fire."  (See Exhibit B, Affidavit of

Probable Cause p. 7)

21.     Under Paragraph 16 Agent Jenkins asserted that through publicly

available news outlets, social media photographs and footage and a general internet

search, five individuals were identified as "directly involved in, or in the area of,

the arson of the PPD vehicle described above.  These individuals were initially

referred to as unidentified subjects 1, 2, 3, 4 and 5."  The agent goes on to describe

that Subject No. 5 was identified as Defendant Anthony Smith. (See Exhibit B, p.

9, Paragraph 17)

22.     In Paragraph 20 Agent Jenkins asserted that "Miller and Matchett, along with Smith were observed on this footage adding paper and other kindling objects to the fire, causing the fire consuming the PPD vehicle to grow."

23.     The next paragraph in the Affidavit sets forth the information that resulted in the identification of Anthony Smith.  Specifically, that the on June 17, 2020 the FBI received a tip from the Philadelphia Police Department that they found a possible match to the unknown subject. (Exhibit B, Page 23, Paragraph 52)

24.     According to the Affidavit following the receipt of the tip the FBI searched several databases and based on the information received from the Philadelphia Police a driver's license photo for Anthony Smith was discovered. (Exhibit B, Page 24, Paragraph 53) Additionally, research on the internet was conducted and a possible Instagram account for Smith was located with the user name antsmith@onevillageant.

25.     Agent Jenkins goes on to assert that Anthony Smith posted photos of a peaceful protest on Instagram on May 31, 2020 which states "I'm not posting any of the risky stuff on here.  You can use your imagination."

26.     Agent Jenkins inserted into the Affidavit a photograph of Anthony Smith participating in a peaceful demonstration.  The agent then asserted that on July 1, 2019, eleven months prior to the arson of the vehicle in this case, Anthony Smith posted a news article on Instagram titled "Several Police Cars Damaged

9

After Hundreds of Teens Gather in North Philadelphia."  In the comments section

the agent asserted that Anthony Smith wrote "If you know anyone that was there

inform them to delete their posts and pictures.  Avoid hashtags with the word

party. Police are monitoring social media to look for vandals."

27.    The next reference in the Affidavit of Probable Cause is to Instagram

records obtained pursuant to a court order on July 31, 2020.  According to the

agent these records indicated that the registered name of Instagram user Ant Smith

is Anthony Smith using a specific telephone number.  The agent then asserted that

based on the above factual statement there is probable cause to believe that this

account contains information relevant to the investigation.  (See Exhibit B,

Affidavit, pages 23-26, Paragraphs 51 through 58)

28.    This first warrant was executed pursuant to the Electronic Privacy Act

(EPCA) Section 2703.  Section 2703 sets forth the conditions under which the

government may require providers to disclose the contents of stored

communications including subscriber records and information.  Furthermore,

Section 2703 establishes three primary forms of disclosure of subscriber

information, one of which through the issuance of a warrant signed by a

magistrate. The procedures are described in 18 U.S.C. Section

2703(a)(b)(1)(A)(c)(1)(a) and (2).

29.     Specifically, the government must establish specific and articulable facts that establish reasonable grounds to believe that the contents of a wire or electronic communication, or records or other information sought are relevant and material to an ongoing criminal investigation.  The Stored Communication Act is designed to prevent potential intrusion into individual privacy arising from illicit access to stored communications, computing operations and large data banks that store emails.  In order for there to be a search under the Fourth Amendment of the United States Constitution an individual must have a reasonable expectation of privacy.

30.     In this case Agent Jenkins referred to Section 2703(a)(b)(1)(A)(c)(1)(a) and (2) which requires the government to "obtain a warrant issued using the procedures described in the Federal Rules of Criminal Procedure."  However, the standard applied does not meet the requirements of the Fourth Amendment.  Based on careful review of the facts the government cannot establish that the probable cause threshold was met. Consequently, there no substantial basis for the Magistrate's decision that the government satisfied the probable cause requirement regarding the search and seizure of Defendant Anthony Smith's Instagram account.

31.     The following sets forth the alleged "criminal conduct" that Agent Jenkins asserted supported probable cause for the seizure of the content of

Defendant Anthony Smith's Instagram account. Beginning with Paragraph 18 of the Affidavit of Probable Cause the affiant writes:

> "In footage available to the government, the individuals believed to be Muath and Smith were observed climbing and/or jumping atop PPD vehicle C-109 between the time it was flipped, and when it was set on fire."

32.     Miller and Matchett were observed moving toward the PPD vehicle with containers of what appears to be accelerant. Shortly thereafter, flames and smoke erupted from the PPD vehicle. Additionally, a review of the photographs available show that a lighted road flare was placed inside the vehicle. The investigation continues as to which individual placed the flare inside the vehicle.

33.     Miller and Matchett, along with Smith, were observed on this footage adding paper and other kindling objects to the fire, causing the fire consuming the PPD vehicle to grow. (Footnote mentions that investigation is ongoing and that additional individuals may be added.) Muath is observed around the car during the time the kindling objects are being added to the vehicle…." (Exhibit B, Aff. Of Probable Cause pp. 8,9, Paragraphs 18-20).

34.     The failure to distinguish between the alleged actions of Miller, Matchett and Smith is not sufficient to establish probable cause that Anthony Smith committed the crimes alleged. Without specifying the time, sequence of the events, the placing of the road flare into the vehicle and the size of the fire at the time of the alleged placement of "kindling" by Defendant Anthony Smith, the facts

submitted in paragraphs 52-58 failed to establish probable cause for the crimes alleged.

35.     In paragraph 52 of the Affidavit Agent Jenkins wrote that the FBI received a "tip" that subject number 5 was Anthony Smith and that the identification was made on June 17, 2020. From that date to the date of the issuance of the warrant for Mr. Smith's Instagram account there is not a single reference to any additional fact that would support the issuance of this warrant on September 15, 2020.

36.     In the ensuing paragraphs Agent Jenkins provided references to statements made in public posts through Instagram that are protected under the First Amendment of the United States Constitution.  There is a reference in Smith's public Instagram account to a report in the newspaper regarding an action that occurred a year prior to the damage to police vehicles committed by others. There is a public admonition allegedly from Smith for those involved not to make these public posts as the police were monitoring social media.

37.     Agent Jenkins then referred to a picture posted on social media of Anthony Smith at a peaceful protest.

38.     Furthermore, Agent Jenkins indicated that on the date of the incident Anthony Smith exchanged numerous messages with others that she is unable to review.

39.     The government applied the wrong standard by asserting language insufficient to establish probable cause that the enumerated federal crimes had been committed and that there is reason to believe that incriminating evidence will be uncovered through the search and seizure.

40.     The Affidavit fails to meet this threshold. First, as set forth above, there is a lack of specificity regarding the actions allegedly committed by Anthony Smith that would constitute aiding and abetting the fire that consumed the vehicle. Secondly, Agent Jenkins attempted to criminalize peaceful protest activity and Smith's comments about the criminal mischief committed a year prior as evidence of criminal intent to commit this unrelated activity a year later.

41.     The comments are lawful expressions protected under the First Amendment and do not reflect criminal intent to commit crimes stemming from an unanticipated historic demonstration almost a year later.

42.     Finally, seeking the content of politically protected speech by citing politically protected speech as the basis for a search warrant is not only insufficient as a matter of law, it is a dangerous effort to blur the clear lines of demarcation between protected activity and the power to conduct a criminal investigation. On this ground alone the evidence seized by the government from Anthony Smith's Instagram account should be suppressed.

**B.     THE AFFIDAVITS FOR THE NEXT FOUR WARRANTS ARE NOT SUPPORTED BY PROBABLE CAUSE.**

43.     The factual basis for crimes charged set forth in the Consolidated Affidavit (Exhibit F, Consolidated Affidavit of Probable Cause) in support of the three warrants (Search Warrants for 5640 Cedar Avenue, Exhibit C, Anthony Smith's person, Exhibit D, and all electronic devices, Exhibit E) is insufficient to establish probable cause. Consequently, there was no substantial basis for the Magistrate's decision and therefore, the items seized pursuant to these three warrants should be suppressed.

44.     Furthermore, factors 1 and 3 regarding the lack of good faith apply in this case. Specifically, regarding factor number 1, the Affidavit is deficient as the warrant lacks indicia of probable cause as to render official belief of its existence entirely unreasonable.

45.      In addition, regarding factor number 3, the magistrates issued the warrants in reliance on an affidavit deliberately or recklessly false that good faith does not apply.

46.     The facts relative to establishing probable cause are set forth in Paragraphs 10 through 15 of the Consolidated Affidavit. (See Exhibit F)

47.     In Paragraph 10 the affiant, FBI Agent Laielli asserted that a review of publicly available news outlets and social media photographs, videos and footage and general internet research revealed that three individuals were identified

as directly involved in the arson of the PPD vehicle described above.  (PPD vehicle C-109)

48.     Agent Laielli identified Defendant Anthony Smith as one of the three individuals "directly involved in the arson of the police vehicle."  (Exhibit F)

49.     In Paragraph 11 of the Affidavit of Probable Cause Agent Laielli asserted "in footage available to the government… Smith is observed adding what appears to be paper or cardboard and moving other kindling objects in the vehicle. Additionally, review of photographs available show that a lighted road flare was placed inside the vehicle."  The assertion in the affidavit by Agent Laielli, that Defendant Smith appeared to place a piece of paper or cardboard and then was "moving kindling around" does not establish the probable cause for the crimes charged, aiding and abetting the arson of a police vehicle.

50.     With respect to Paragraph 12, p. 6, the Agent Laielli asserted "I have examined additional video and photographs obtained by law enforcement.  These videos and photographs include but are not limited to the following photograph which shows Smith in front of C-109 upside down and on fire."  The only photograph referred to in the affidavit is a photograph of what appears to be Defendant Anthony Smith standing several yards away from the police vehicle C109 which is already engulfed in flames. In this photograph, embedded in the Affidavit of Probable Cause, Defendant Anthony Smith appears to have a

cellphone in his right hand and nothing in his left hand.

51.     In order to establish probable cause for the searches conducted in this case the government must present to the magistrate evidence that establishes a substantial basis that a crime has been committed and that the defendant committed the crime. A review of the four corners of the Affidavit in this case clearly demonstrates that there was no crime committed by Defendant Anthony Smith as the facts as set forth do not support the contention that Defendant Anthony Smith started the fire or aided and abetted the arson.

52.     Furthermore, there is no good faith basis to assert that probable cause existed for the crimes charged as the government was in possession of video evidence which belies the factual allegations set forth in the Affidavits supporting all five warrants. This is set forth later in this Motion.

53.     A review of the four corners of the Affidavit in this case clearly demonstrates that at no time did Defendant Anthony Smith commit a crime as the facts simply do not support the contention that Defendant Anthony Smith started the fire or aided and abetted the arson.

54.     On that basis alone the warrants issued on October 26, 2020 for 5640 Cedar Avenue, Philadelphia, the residence of Anthony Smith, for his person and for the search of his cellphone, computers and other electronic devices were issued without probable cause and in violation of the Fourth Amendment of the United

States Constitution.

55.     On October 28, 2020 search and seizure warrants for the residence of Anthony Smith, his person and the electronic devices were executed. (Exhibit C,D, E, warrants and Exhibit F, Consolidated Affidavit of Probable Cause in support of the warrant.)

56.     During the course of the search of Mr. Smith's residence FBI agents observed various posters and written materials. Specifically, investigators discovered items in Mr. Smith's bedroom that the government labeled as containing "anti-police ideology" including signs, banners, reading materials, pamphlets and handwritten notes.

57.     These items were allegedly observed in "plain view" among items searched in Mr. Smith's bedroom. Many of the items were found among several piles of written material found on the floor of Mr. Smith's bedroom. Additional items were found inside a duffle bag located in Mr. Smith's bedroom that were not also clearly not in "plain view."

58.     The government sought approval for a fifth warrant as the posters and written material was not covered in the first three search warrants. (Exhibit G, Search and Seizure warrant, Exhibit H, Affidavit of Probable Cause in support of the warrant.)

59.     Through Agent Laielli the government secured authorization from the magistrate to seize written materials wholly unrelated to criminal activity.  The items seized were political materials, writings, banners, signs, pamphlets and reading materials protected under the First Amendment of the United States Constitution.

60.     The agent inaccurately asserted that based on the factual information contained in the search warrant and accompanying affidavit that there was probable cause to believe these items constituted evidence in support of the commission of a criminal offense, namely arson of the police vehicle. The affiant further asserted without any factual basis that the seizure of these materials expressing political ideas would lead to the identity of alleged co-conspirators and accomplices.  Mr. Smith asserts that this search his reading materials went beyond the scope of the initial warrant and does not satisfy the plain view doctrine and therefore, violated his Fourth Amendment rights under the United States Constitution.

61.     For the reasons stated above, the warrant to search Anthony Smith's residence was not supported by probable cause. In addition, the written materials sought in the fifth warrant executed was not supported by probable cause and therefore, the magistrate did not have a substantial basis for issuing the warrant as there was nothing of an incriminating nature to justify the seizure.

62.    Wherefore, the written materials seized pursuant to the fifth warrant issued on October 28, 2020 (Exhibit G, the Search warrant, Exhibit H, the Affidavit of Probable Cause) must be suppressed as the government has not met its burden under the plain view doctrine.

63.    Additionally, the warrant is deficient as the warrant lacks indicia of probable cause as to render official belief of its existence entirely unreasonable as there content of the written materials does not contain evidence of a crime.

## C.    FRANKS HEARING IS NECESSARY

64.    The second ground for suppression is common to all of the warrants and that is based on the completely inaccurate factual outline set forth by Agent Jenkins in the Affidavit of Probable Cause in support of the Search and Seizure Warrant for the Instagram account, as well as the four subsequent Search and Seizure warrants prepared by Agent Laielli for Anthony Smith's residence, his person, his computer and electronic devices, as well as the content of the written materials searched during the execution of the other three warrants. The argument regarding the need for a <u>Franks</u> hearing is set forth in detail in the supporting Memorandum of Law.

65.    The failure to set forth the chronology of events and describe precise actions of the person identified as Anthony Smith constitutes a material omission, as well as a material misstatement of the evidence which requires an evidentiary

20

hearing pursuant to <u>Franks v. Delaware</u>.

66.     Even if this Honorable Court finds that the magistrate had a substantial basis for a finding of probable cause, that finding was based upon material facts omitted from the affidavits, as well as material misstatements asserted in the affidavits.

67.     If included in the affidavit the omitted facts would have negated probable cause and resulted in a finding that there was no substantial basis for the magistrate's decision to issue the warrants in this case.  Had Agent Laielli presented the magistrate with the evidence demonstrating Defendant Anthony Smith's actions neither of the magistrates would not have issued the warrants in this case.

68.     With respect to the first Affidavit submitted by Agent Jenkins in support of Search and Seizure Warrant for the content of Anthony Smith's Instagram account (Exhibit A and Exhibit B), the factual statements are inaccurate as it sets forth a false chronology and mischaracterizes the actions by Anthony Smith.

69.     As revealed in the video taken by an unknown individual. (Exhibit I, Video 7/27 Video 3) Defendant Smith was neither the source of the arson nor did he aid or abet the arson by allegedly inserting a single piece of paper into police vehicle C-109 as it was already engulfed in a bonfire started by an unknown

individual. The failure to present this evidence to the magistrate violated Mr. Smith's rights under the Fourth Amendment of the Constitution.

70.    Agent Laielli's decision to omit the proper sequence of events which gave the clear impression that Mr. Smith engaged in conduct which contributed to the fire, in conjunction with the decision to omit the fact that all Mr. Smith did was purportedly place a single piece of paper into a vehicle already consumed by fire, falls squarely in the purview of the <u>Franks v. Delaware</u>.

71.    The mischaracterization of the facts as set forth in the affidavit along with the material omissions from the affidavit require an evidentiary hearing pursuant to <u>Franks v. Delaware</u>.

72.    The critical material information Agent Laielli omitted from this paragraph is that the road flare, placed inside the police vehicle by an unknow individual not connected to Defendant Smith, had started the fire which engulfed the entire police vehicle in flames long before Defendant Smith approached the vehicle and appeared to place a single piece of paper near or into the vehicle.

73.    Based on the wording set forth in Paragraph 11 of the Affidavit the implication is that Defendant Anthony Smith inserted the paper or cardboard directly onto the road flare to serve as kindling to facilitate the burning of the vehicle.

74.    The video evidence (attached as a link marked as Exhibit I) reveals the person purportedly the Defendant Smith, approached the police vehicle C-109 with a single piece of paper while the interior of the vehicle is completely engulfed in flames. As the person, purportedly Defendant Smith, approached the side of the burning vehicle and crouched down with a single piece of paper in his hand, the piece of paper is blown away from the vehicle from the force of the wind generated by the inferno shooting out from the inside of the vehicle. The video cuts away from the location and then shifts back to the person purportedly to be Defendant Smith showing an attempt to place the piece of paper back into the flames engulfing the vehicle.

75.    This video was in the possession of the government at the time the Consolidated Affidavit was prepared.

76.    Agent Laielli's failure to recount the chronology of the events which clearly demonstrated that the alleged crime of arson of the police vehicle had already taken place at the time the Defendant Smith allegedly placed a single piece of paper into a vehicle completely engulfed by fire, failed to establish probable cause for the crimes alleged in the affidavit of probable cause, aiding and abetting the arson of the vehicle.

77.    The failure by the affiants to reveal these material facts setting forth the actual sequence of events and the actual conduct purportedly engaged in by

Defendant Smith, the information necessary for both of the magistrates' determination regarding existence or lack of probable cause were intentionally omitted.

78.     The failure to set forth the chronology of events and describe precise actions of the person identified as Anthony Smith constitutes a material omission, as well as a material misstatement of the evidence which requires an evidentiary hearing. Good faith does not apply as the magistrates issued the warrants in reliance on Affidavits which were deliberately false.

## **CONCLUSION**

WHEREFORE, Defendant, Anthony Smith, respectfully requests that Your Honor grant the Motion to Suppress on all of the items pursuant to the argument set forth above. In the alternative, Anthony Smith respectfully requests an evidentiary hearing pursuant to Franks v. Delaware.

Respectfully submitted,


*/s/ Paul J. Hetznecker, Esquire*
Paul J. Hetznecker, Esquire
Attorney for Defendant, Anthony Smith


DATE:     August 13, 2021

## <u>CERTIFICATE OF SERVICE</u>

I, Paul J. Hetznecker, hereby certify that a true and correct copy of

**DEFENDANT'S CONSOLIDATED MOTION TO SUPPRESS** was served on

the following via the Court's electronic filing system (ecf):

**Amanda R. Reinitz, Esquire**
**Assistant United States Attorney**
**615 Chestnut Street, Suite 1250**
**Philadelphia, PA 19106**

<u>/s/ Paul J. Hetznecker, Esquire</u>
Paul J. Hetznecker, Esquire
Attorney for Defendant, Anthony Smith

DATE:         <u>August 13, 2021</u>