AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>ELECTRONIC DEVICES | )<br>)<br>)   Case No.   20-1748-03<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     Eastern     District of     Pennsylvania
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A-3

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B-3

**YOU ARE COMMANDED** to execute this warrant on or before     November 9, 2020     *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the duty magistrate.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:     10/26/2020 12:12 pm                    /s Richard A. Lloret
                                                                                                     *Judge's signature*

City and state:     Philadelphia, PA                    Honorable Richard A. Lloret, U.S. Magistrate Judge
                                                                                                     *Printed name and title*

**EXHIBIT "E"**

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** ||| 
|---|---|---|
| Case No.:<br>20-1748-03 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

*Executing officer's signature*

*Printed name and title*

# ATTACHMENT A-1

## PROPERTY TO BE SEARCHED

### 5640 Cedar Avenue, Philadelphia, PA 19143

DESCRIPTION: 5640 Cedar Avenue, Philadelphia, PA 19143. The property is a two-story row home attached on one side. The residence is constructed of brick and yellow siding. The house has a front porch (not enclosed, but covered).



## ATTACHMENT A-2

### PERSON TO BE SEARCHED

### ANTHONY DAVID ALE SMITH

DESCRIPTION: ANTHONY DAVID ALE SMITH, black male, approximately 5'7" in height, heavy build, DOB:

Below from left to right are: a DMV photo of SMITH (date unknown), a photo from the past few weeks, and a photo from May 30, 2020:



2

## ATTACHMENT A-3

## PROPERTY TO BE SEARCHED

## TELEPHONES, COMPUTERS, TABLETS, AND OTHER ELECTRONIC DEVICES

Any cellular telephones, computers, tablets, and other electronic devices capable of accessing the internet, belonging to, or in the custody or control of SMITH's person at the time of the aforementioned search of 5640 Cedar Avenue, Philadelphia, PA, or SMITH's person.

3

## ATTACHMENTS B-1 and B-2

### ITEMS TO BE SEIZED

1. The following items which are evidence of or property used to commit violations of 18 U.S.C. § 844(f)(1) and (f)(2) (knowing, intentional, and malicious damage and destruction, and attempted damage and destruction, by means of fire, a vehicle, and other real and personal property, which was owned and possessed by an institution or organization receiving Federal financial assistance, that is, a Philadelphia Police Department vehicle, and created a substantial risk of injury to any person); 18 U.S.C. § 844(i) (arson affecting interstate commerce) and 18 U.S.C. §§ 231(a)(3) (obstruction of law enforcement and interstate commerce during a civil disorder), § 2 (aiding and abetting), as described in the Affidavit in Support of Search Warrant:

   A. Light-colored shirt with lettering on the front;

   B. Gray sweatpants with pockets;

   C. Light-colored, striped facemask with ties on the top and the bottom;

   D. Black and white sneakers (appearing to be Nike brand);

   E. Large framed, dark-colored glasses;

   F. Indicia of residency, to include bills or documents of SMITH;

   G. Cellular telephones, computers, tablets, and other electronic devices

   Images of items A through E are below:

4




5

## ATTACHMENT B-3

## ITEMS TO BE SEIZED

1. All records relating to violations of 18 U.S.C. § 844(f)(1) and (f)(2) (knowing, intentional, and malicious damage and destruction, and attempted damage and destruction, by means of fire, a vehicle, and other real and personal property, which was owned and possessed by an institution or organization receiving Federal financial assistance, that is, a Philadelphia Police Department vehicle, and created a substantial risk of injury to any person); 18 U.S.C. § 844(i) (arson affecting interstate commerce), 18 U.S.C. §§ 231(a)(3) (obstruction of law enforcement and interstate commerce during a civil disorder), and § 2 (aiding and abetting), as described in the Affidavit in Support of Search Warrants, including:

   a. Indicia of ownership or possession;

   b. Records, electronic files, video footage, photographs, communications, correspondence, and information depicting and/or related to the destruction of a PPD vehicle on or about May 30, 2020, in the vicinity of City Hall, in Philadelphia, PA;

   c. Evidence of planning, motivation, and research on commission of arson; and

   d. Evidence of the purchase of the following items: the light-colored shirt with lettering on the front, the gray sweatpants, the light-colored, striped facemask with ties on the top and the bottom, the black and white sneakers, which appear to be NIKE brand, and the large framed, dark-colored glasses;

   e. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER");

f.  Evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

g.  Evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

h.  Evidence of the lack of such malicious software;

i.  Evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

j.  Evidence indicating the computer user's state of mind as it relates to the crime under investigation;

k.  Evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

l.  Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

m.  Evidence of the times the COMPUTER was used;

n.  Passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

o.  Documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

p.  Records of or information about Internet Protocol addresses used by the COMPUTER;

q.  records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

2

       r.   contextual information necessary to understand the evidence described in this attachment.

    4.   Routers, modems, and network equipment used to connect computers to the Internet.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and

3

technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.