IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **Criminal No. 20-368** |
| **CARLOS MATCHETT, et al.**<br>a/k/a "Carlito Matchet" | : | |
| | : | |

**ORDER CLARIFYING RESTITUTION ORDERS**

AND NOW, this _____ day of _____, 2024, upon consideration of the government's motion pursuant to Federal Rule of Criminal Procedure 36 to clarify the restitution orders contained in the judgments in these cases to properly reflect the joint and several restitution obligations owed by each defendant and the correct name and address of the restitution payee, and for the reasons set forth in the motion and for good cause shown, the Court concludes that it should grant the motion, and, therefore, it is hereby ORDERED as follows:

1. The Motion of United States of America for Order to Clarify Restitution Orders is GRANTED.

2. The judgment entered against defendant Carlos Matchett (20-CR-368-01) dated March 16, 2023 (ECF 117) shall reflect that the defendant is jointly and severally liable for restitution in the amount of $28,588.80 with co-defendants Khalif Miller (20-CR-368-02) and Anthony David Alexander Smith (20-CR-368-03).

3. The judgment entered against defendant Khalif Miller (20-CR-368-02) dated April 3, 2023 (ECF 125) shall reflect that the defendant is jointly and severally liable for restitution in the amount of $28,588.80 with co-defendants Carlos Matchett (20-CR-368-01) and Anthony David Alexander Smith (20-CR-368-03).

4. The judgment entered against defendant Anthony David Alexander Smith (20-CR-368-03) dated November 23, 2023 (ECF 143) shall reflect that restitution is to be paid to: "Department of Fleet Services, 100 South Broad Street, Philadelphia, PA 19102."

5. The Clerk of Court is authorized to correct its records accordingly to reflect these changes. All other provisions of the judgments entered in these cases remain unmodified and in effect.

                                                                        _____
                                                                        **HONORABLE JUAN R. SANCHEZ**
                                                                        **United States District Judge**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | Criminal No. 20-368 |
| **CARLOS MATCHETT, et al.**<br>    a/k/a "Carlito Matchet" | : | |
| | : | |

**MOTION OF UNITED STATES OF AMERICA
FOR ORDER TO CLARIFY RESTITUTION ORDERS**

Pursuant to Federal Rule of Criminal Procedure 36, the United States of America, by its attorneys, respectfully moves for entry of an order to clarify the restitution orders contained in the judgments in these cases to properly reflect the joint and several restitution obligations owed by each defendant and the correct name and address of the restitution payee. In support of this motion, the government avers as follows:

1. Defendants Carlos Matchett (20-CR-368-01), Khalif Miller (20-CR-368-02), and Anthony David Alexander Smith (20-CR-368-03) each pleaded guilty to obstruction of law enforcement during a civil disorder, and aiding and abetting, in violation of 18 U.S.C. §§ 231(a)(3) and 2. These charges relate to the defendants' conduct involving the destruction of a Philadelphia Police Department vehicle by arson during a civil demonstration.

2. On March 15, 2023, this Court sentenced defendant Carlos Matchett and ordered him to pay $28,588.80 in restitution. ECF 117. The judgment reflects that Matchett jointly and severally owes restitution only with co-defendant Khalif Miller (20-CR-368-02).

*Id.*, p. 7. The judgment also reflects that restitution is to be paid to: "Department of Fleet Services, 100 South Broad Street, Philadelphia, PA 19102." *Id.*, p. 6.

3. On April 3, 2023, this Court sentenced defendant Khalif Miller and ordered him to pay $28,588.80 in restitution. ECF 125. The judgment reflects that Miller jointly and severally owes restitution only with co-defendant Carlos Matchett (20-CR-368-01). *Id.*, p. 7. The judgment also reflects that restitution is to be paid to: "Department of Fleet Services, 100 South Broad Street, Philadelphia, PA 19102." *Id.*, p. 6.

4. On November 28, 2023, this Court sentenced defendant Anthony David Alexander Smith and ordered him to pay $28,588.80 in restitution. ECF 143. The judgment properly reflects that Smith jointly and severally owes restitution with co-defendants Matchett and Miller. *Id.*, pp. 7-8. However, the judgment reflects that restitution is to be paid to a different payee with the City of Philadelphia: Agnes Houlne, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102. *Id.*, p. 6.

5. Pursuant to Federal Rule of Criminal Procedure 36, the government seeks to clarify the restitution orders contained in the judgments in these cases to properly reflect the joint and several restitution obligations owed by each defendant and identify the correct the name and address of the party responsible for receiving restitution for the City of Philadelphia.

6. Relief 36 provides "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The Third Circuit has held that the courts normally use Rule 36 "to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge." *United States v. Bennett*, 423 F.3d 271, 278

- 2 -

(3d Cir. 2005). *See also United States v. Clark*, 671 F. App'x 25, 26 (3d Cir. 2016) (not precedential).

7. Courts also use Rule 36 to modify a judgment of sentence where the correction is deemed non-substantive. *See e.g. United States v. Williams*, 233 Fed. App'x 183, 184 (3d Cir. 2007) (non-precedential) (affirming district court's correction of a sentence to make restitution joint and several); *United States v. Bennett*, 423 F.3d at 277-78 (affirming district court's correction of a sentence by adding a preliminary forfeiture order to the sentence; such was deemed correcting a clerical error). *See also United States v. Jones*, 2015 WL 525184, *4-5 (E.D. Pa. Feb. 9, 2015).

8. Relief under Rule 36 is necessary and proper in this instance. While defendants Matchett, Miller, and Smith are each jointly and severally liable for restitution to the City of Philadelphia in the amount of $28,588.80, their judgments do not properly reflect this requirement. The judgments for Matchett and Miller reflect that they jointly and severally owe restitution with each other and do not reflects that the obligation is jointly and severally owed with co-defendant Smith. The judgment for Smith, on the other hand, properly reflects that all three defendants are jointly and severally liable for restitution.

9. This Court also should correct the judgment for defendant Smith to identify the proper restitution payee. The government confirmed that the proper payee should be the Department for Fleet Services for the City of Philadelphia, which is reflected on the judgments for co-defendants Matchett and Miller.

10. Relief is warranted under Rule 36 to enable the Clerk of Court to maintain accurate restitution records to properly account for and credit restitution paid and owed by all three defendants. The relief also will enable the Clerk of Court to forward restitution

payments to the authorized recipient for the City of Philadelphia. Importantly, the requested clarification is non-substantive and will not unduly prejudice the defendants because it does increase the amount of the restitution judgments in any respect. Accordingly, the government requests that this Court grant the motion.

    WHEREFORE, for the reasons explained above, the government requests that this Court grant the motion.

    Respectfully submitted,

    JACQUELINE C. ROMERO
    United States Attorney


    /s/ Joseph F. Minni
    JOSEPH F. MINNI
    Assistant United States Attorney

Date:  April 26, 2024.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the MOTION OF UNITED STATES OF AMERICA FOR ORDER TO CLARIFY RESTITUTION ORDERS was electronically filed in the Clerk's Office Electronic Case Filing (ECF) system and is available for viewing and downloading from the ECF system, and that a true and correct copy was served by electronic filing, on counsel of record as follows:

        Katrina Young, Esquire

        Coley O. Reynolds, Esquire

        Paul J. Hetznecker, Esquire


        /s/ Joseph F. Minni
        JOSEPH F. MINNI
        Assistant United States Attorney

Date:  April 26, 2024.